**Sharon Paulette HENRY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73781.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008 *.

Filed Jan. 10, 2008.

Sharon Paulette Henry, Florence, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, Jennifer L. Lightbody, Esq., Edward E. Wiggers, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying an untimely motion to reopen.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The regulations state that a motion to reopen removal proceedings must be filed not later than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. Petitioner's final order of removal was entered on April 7, 2006. Petitioner's motion to reopen was filed on July 23, 2007, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent petitioner challenges the BIA's decision declining to exercise its sua sponte authority to reopen, the court lacks jurisdiction to review this portion of the BIA's decision. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**